UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

SCOTT JOHNSON,

         Plaintiff,

    v.

JKLM PROPERTIES, L.L.C.,

         Defendant.

Case No. 5:20-cv-01078-EJD

**ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS; AUTHORIZING LEAVE TO AMEND**

Re: Dkt. No. 18

Pursuant to Federal Rule of Civil Procedure 12(c), Defendant JKLM Properties, LLC moves for judgment on the pleadings against Plaintiff Scott Johnson, asserting that the Court lacks subject-matter jurisdiction. Motion for Judgment on the Pleadings ("Mot.") 1, Dkt. 18. Having considered the Parties' papers, the Court agrees and **GRANTS** Defendant's motion for judgment on the pleadings.

I.     **BACKGROUND**

Plaintiff Scott Johnson is a level C-5 quadriplegic. Complaint for Damages and Injunctive Relief ("Compl.") ¶ 1, Dkt. 1. He cannot walk, has significant manual dexterity impairments, uses a wheelchair, and has a specially equipped van. *Id.*

Plaintiff went to Main Street Professional Center ("MSPC"), a property owned by Defendant, once in each of May, June, and October of 2019 "to avail himself of its goods or services, motivated in part to determine if the defendants comply with the disability access laws." *Id.* ¶ 8. MSPC is located in Milpitas, California. *Id.* ¶ 3. Plaintiff initiated this action on February 5, 2020, asserting violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C.

§ 12101, et seq., and California's Unruh Civil Rights Act, Cal. Civ. Code § 51-53 ("Unruh Act"). *Id.* ¶¶ 20-22, 28. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. *Id.* ¶ 27. Specifically, Plaintiff alleges Defendant violated the ADA because Defendant "failed to provide wheelchair accessible parking in conformance with the ADA Standards as it relates to wheelchair users like the plaintiff." *Id.* ¶ 10. Plaintiff alleges that he will return to MSPC "to avail himself of its goods or services and to determine compliance with the disability access laws once it is represented to him that [MSPC] and its facilities are accessible." *Id.* ¶ 17. Plaintiff also alleges that he is currently deterred from returning to MSPC because of his knowledge of the existing barriers and his uncertainty about the existence of other barriers. *Id.*

## II.      LEGAL STANDARD

"After the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The Ninth Circuit has said "that Rule 12(c) is 'functionally identical' to Rule 12(b)(6) and that 'the same standard of review' applies to motions brought under either rule." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 n.4 (9th Cir. 2011) (citing also decisions from the Second, Fifth, and Sixth Circuits). With few exceptions, "[u]nder either provision, a court must determine whether the facts alleged in the complaint, to be taken for these purposes as true, entitle the plaintiff to a legal remedy. If the complaint fails to articulate a legally sufficient claim, the complaint should be dismissed or judgment granted on the pleadings." *Strigliabotti v. Franklin Res., Inc.*, 398 F. Supp. 2d 1094, 1097 (N.D. Cal. 2005) (internal citations omitted).

In considering the motion, the court assumes the complaint's allegations truth and draws all reasonable inferences in the plaintiff's favor. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). In general, the court may not consider evidence outside the pleadings. *See, e.g., MVP Asset Mgmt. (USA) LLC v. Vestbirk*, 2011 WL 1457424, at *1 (E.D. Cal. Apr. 14, 2011). "On a motion to dismiss, however, a court may take judicial notice of facts outside the pleadings." *Mack v. South Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *abrogated on other grounds,*

CASE NO.: 5:20-CV-01078-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS;
AUTHORIZING LEAVE TO AMEND

2

1    *Astoria Federal Sav. and Loans Ass'n v. Solimino*, 501 U.S. 104, 111 (1991) (citing *Sears,*

2    *Roebuck & Co. v. Metropolitan Engravers, Ltd.*, 245 F.2d 67, 70 (9th Cir. 1956)).

3    **III.      DISCUSSION**

4          Defendant contends that Plaintiff lacks standing to bring suit under the ADA because the

5    Plaintiff fails to sufficiently allege a "real and immediate threat of repeated injury in the future."

6    Memorandum of Points and Authorities ("Mem. of P. & A.") 1, Dkt. 18-1. As this is a challenge

7    on the pleadings, the Court will not consider evidence outside Plaintiff's complaint, except for

8    facts properly subject to judicial notice. *Mack*, 798 F.2d at 1282.

9          **A.   Requests for Judicial Notice**

10                **1.   Defendant's Request for Judicial Notice**

11         Defendant requests that this Court take judicial notice of six documents. Defendant's

12   Request for Judicial Notice ("Def. RJN"), Dkt. 18-2. Plaintiff does not oppose this request.

13         Federal Rule of Evidence 201(b) allows a court to take judicial notice of a fact that is "not

14   subject to reasonable dispute" because it is either "generally known within the trial court's

15   territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy

16   cannot reasonably be questioned." Public records maintained on government websites are

17   generally subject to judicial notice. *See, e.g.*, *Nat'l Grange of the Order of Patrons of Husbandry*

18   *v. Cal. State Grange*, 182 F. Supp. 3d 1065, 1075 n.3 (E.D. Cal. 2016) (collecting cases).

19   Geographical information from Google Maps is also proper for judicial notice because it can be

20   "accurately and readily determined from sources whose accuracy cannot reasonably be

21   questioned." *United States v. Perea-Rey*, 680 F.3d 1179, 1182 n.1 (9th Cir. 2012).

22         Defendant's Requests 1-2 are public records maintained on California government

23   websites, showing Plaintiff's home and business addresses in Carmichael, California. Def. RJN at

24   2, Exhibits A-B. These requests are **GRANTED**. *See Nat'l Grange of the Order of Patrons of*

25   *Husbandry*, 182 F. Supp. 3d at 1075 n.3. Requests 3–4 are Google Maps navigation directions,

26   showing the distance and driving time between MSPC and the aforementioned addresses. Def.

27

28   CASE NO.: 5:20-CV-01078-EJD
     ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS;
     AUTHORIZING LEAVE TO AMEND

United States District Court
Northern District of California

1    RJN at 3, Exhibits C-D. These requests are **GRANTED**. *See Perea-Rey*, 680 F.3d at 1182 n.1.

2    Requests 5-6 are docket reports from the United States District Court for the Eastern District of

3    California, as well as this Court, that list over 3,809 ADA cases initiated by Plaintiff. Def. RJN at

4    3-4, Exhibits E-F. These requests are **GRANTED**. *See Nat'l Grange of the Order of Patrons of*

5    *Husbandry*, 182 F. Supp. 3d at 1075 n.3.

6                      **2.  Plaintiff's Request for Judicial Notice**

7            Plaintiff requests that this Court take judicial notice of "a number of cases filed by

8    [Plaintiff], wherein he alleges numerous visits to businesses at locations within 10 miles of"

9    MSPC. Plaintiff's Request for Judicial Notice ("Pl. RJN") 1, Dkt. 20-1. Defendant objects to this

10   request, arguing among other things, that "(iii) it is not appropriate to take judicial notice of the

11   contents of pleadings in other cases." Objections to Plaintiff's Request for Judicial Notice 2-3,

12   Dkt. 24.

13           A district court may take judicial notice of undisputed matters of public record, including

14   documents on file in federal or state courts. *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1131–32

15   (9th Cir. 2012). Accordingly, to the extent that Plaintiff requests judicial notice of 26 complaints

16   filed in the Northern District of California, Plaintiff's request is **GRANTED**. *See id.; See also*

17   *Nat'l Grange of the Order of Patrons of Husbandry*, 182 F. Supp. 3d at 1075 n.3.

18           However, it is not clear whether a court may take judicial notice of allegations in

19   complaints, which are often disputed, in proceedings not before it. *See, e.g., Gardiner Family,*

20   *LLC v. Crimson Res. Mgmt. Corp.*, 147 F. Supp. 3d 1029, 1032 (E.D. Cal. 2015) (agreeing with

21   *Pollstar v. Gigmania, Ltd.*, 170 F. Supp. 2d 974 (E.D. Cal. 2000) in finding that there was "no

22   authority for judicial notice of pleadings in an unrelated case."). Accordingly, to the extent that

23   Plaintiff seeks judicial notice of the allegations in the 26 complaints of "numerous visits to

24   businesses at locations within 10 miles of" MSPC, Plaintiff's request is **DENIED**. *See Gardiner*

25   *Family, LLC*, 147 F. Supp. 3d at 1032 (E.D. Cal. 2015).

26                      **B.  Standing**

27   CASE NO.: 5:20-CV-01078-EJD

28   ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS;
     AUTHORIZING LEAVE TO AMEND

                                                    4

A disabled person claiming access discrimination must establish Article III standing to maintain a suit under the ADA. *Chapman v. Pier 1 Imps. (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011). "Under the oft-repeated standing formulation, [a plaintiff] must demonstrate that he has suffered an injury-in-fact, that the injury is traceable to the [defendant's] actions, and that the injury can be redressed by a favorable decision. *Id.* (citing *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004)). An injury-in-fact is an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992).

The only remedy available to a private litigant under the ADA is an injunction, and so Plaintiff must allege and ultimately prove that he suffered an injury-in-fact and that there exists "a sufficient likelihood that he will again be wronged in a similar way." *Id.* at 948 (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)). In other words, a plaintiff seeking injunctive relief under the ADA must demonstrate an injury-in-fact and "a real and immediate threat of repeated injury." *Id.* (quoting *Lyons*, 461 U.S. at 102). Past exposure to an ADA violation does not in itself establish standing for injunctive relief. *Lyons*, 461 U.S. at 102. Accordingly, to demonstrate standing under the ADA, a plaintiff must show that he has suffered an "injury-in-fact coupled with an intent to return," or alternatively "deterrence from returning to the premises." *Chapman,* 631 F.3d at 944. While courts take a broad view of constitutional standing in disability access cases, the ADA's reach is "not unlimited." *Id.* at 946.

Defendant challenges the sufficiency of Plaintiff's allegations regarding the threat of future harm, asserting that the Plaintiff has alleged "no likelihood of a genuine intent-to-return," Mem. of P. & A. at 4, and that Plaintiff "does nothing more than plead a conclusory allegation that he is 'currently deterred,'" *id.* at 7. In response, Plaintiff argues that consistent with Federal Rule of Civil Procedure 8, he need make only "minimal" allegations as to deterrence and intent-to-return, Opp. at 4, and that as a matter of law the Court need not examine intent-to-return factors because "ADA 'testers'—folks actively looking for non-complying businesses—have full standing," *id.*

United States District Court
Northern District of California

1    The Court first addresses the threshold argument of tester standing, before turning to intent-to-

2    return and deterrence.

3                              1.  **Tester Standing**

4            Plaintiff's argument that ADA testers "have full standing" is based upon his reading of the

5    Ninth Circuit's decision in *Civil Rights Education and Enforcement Center v. Hospitality*

6    *Properties Trust.*, 867 F.3d 1093 (9th Cir. 2017) ("*CREEC*"). Opp. at 10-11. Plaintiff is only

7    partially correct. In *CREEC*, a nonprofit civil rights organization and hotel patrons sued a real

8    estate investment trust alleging that hotels owned by the trust failed to provide equivalent

9    wheelchair-accessible transportation at its hotels. *CREEC*, 867 F.3d at 1097. At issue was whether

10   a plaintiff has constitutional standing where her only motivation for visiting a facility is to test it

11   for ADA compliance. *Id*. at 1096. The Ninth Circuit held that the "[n]amed [p]laintiffs' status as

12   ADA testers did not deprive them of standing." *Id*. at 1102. Thus, Plaintiff is partially correct

13   insofar as he contends that his status as a tester in this case does not deprive him of standing.

14           Plaintiff is incorrect, however, insofar as he suggests that tester status automatically

15   confers standing under the ADA. Simply being a "tester" plaintiff does not eliminate basic

16   standing principles—a disabled plaintiff may not sue a business for injunctive relief simply

17   because an ADA violation exists. Instead, a plaintiff—even a "tester" plaintiff—must allege

18   sufficient facts to show an intent to return (*Chapman*, 631 F.3d at 949) or that "a defendant's

19   failure to comply with the ADA deters her from making use of the defendant's facility." *Id*. at

20   1098. Indeed in *CREEC*, the Ninth Circuit concluded that the named plaintiffs had standing not

21   because they were "testers" but because they had sufficiently alleged that they intended to visit

22   defendant's hotels; they had been deterred from doing so by the hotels' noncompliance with the

23   ADA; and that they will visit the hotels when the non-compliance is cured. *Id*. at 1099. Thus, the

24   alleged ADA violations prevented the plaintiffs from staying at the hotels. *Id*. The Ninth Circuit

25   observed that without these averments, the plaintiffs would lack standing. *Id*

26           In sum, no bright line-rule about "tester" standing exists. District courts must "[m]ak[e]

27

28

CASE NO.: 5:20-CV-01078-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS;
AUTHORIZING LEAVE TO AMEND

United States District Court
Northern District of California

case-by-case determinations about whether a particular plaintiff's injury is imminent." *Id.* at 1100.

(citing *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1335–37 (11th Cir. 2013) (assessing

various factors in determining whether plaintiff suing under ADA Title III was likely to actually

visit the supermarket, including prior visits, proximity of residence to store, plans for future visits,

and status as an "ADA tester who has filed many similar lawsuits")).

### 2.  Intent to Return

"[A] plaintiff seeking injunctive relief must additionally demonstrate 'a sufficient

likelihood that he will again be wronged in a similar way.'" *Chapman,* 631 F.3d at 948 (quoting

*City of Los Angeles v. Lyons,* 461 U.S. 95, 111 (1983)). To determine whether a plaintiff's

likelihood of returning to a place of public accommodation is sufficient to confer standing, courts

examine factors such as "(1) the proximity of defendant's business to plaintiff's residence, (2)

plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plans to

return, and (4) the plaintiff's frequency of travel near defendant." *Johnson v. Overlook at Blue*

*Ravine, LLC*, 2012 WL 2993890, at *3 (E.D. Cal. 2012) (collecting cases).

Plaintiff contends that, at the pleading stage, he need not "provide additional evidentiary-

level details such as the proximity of the business to his home, his past patronage of the business,

the definitiveness of his plans to return, the frequency of his travel near the area, his ties to the

business, the geographic location or reasons to return." Opp. at 3. Plaintiff bases this argument on

*Lujan*'s statement that "[a]t the pleading stage, general factual allegations of injury resulting from

the defendant's conduct may suffice, for on a motion to dismiss we presume that general

allegations embrace those specific facts that are necessary to support the claim." *Lujan*, 504 U.S.

at 561 (internal citations omitted). Plaintiff also cites as an example *D'Lil v. Best W. Encina Lodge*

*& Suites*, 538 F.3d 1031 (9th Cir. 2008), wherein no "evidentiary-level details" were provided in

the complaint, but rather emerged at later phases of the case. *D'Lil*, 538 F.3d at 1038-39.

However, even at the pleading stage, "a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S.

United States District Court
Northern District of California

1    662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Here, that

2    means that Plaintiff "must *allege* 'facts giving rise to an inference that he will suffer future

3    discrimination by the defendant' to establish standing under the ADA." *D'Lil v. Stardust Vacation*

4    *Club*, 2001 WL 1825832 at *3 (E.D. Cal. Dec. 21, 2001) (emphasis added) (citing *Shotz v. Cates*,

5    256 F.3d 1077, 1081 (11th Cir. 2001)). As discussed previously, to have standing to pursue

6    injunctive relief under the ADA, a plaintiff must show either an intent to return or deterrence.

7    *Chapman,* 631 F.3d at 944. A "mere profession of an intent, some day, to return" is not enough.

8    *Lujan*, 504 U.S. at 564. The four intent-to-return factors discussed in *Overlook* are helpful in

9    determining whether a plaintiff has *plausibly* alleged a genuine intent to return or merely professed

10   an intent some day to return.

11          Plaintiff further contends that it is inappropriate to weigh evidence or make credibility

12   determinations at the pleading stage. This is a correct. *See, e.g., Martin v. Hotel & Transp.*

13   *Consultants, Inc.*, 2018 WL 2470981, at *4 (D. Haw. June 1, 2018) ("[T]he plausibility

14   requirement stated in *Twombly* and *Iqbal* does not allow this court to make credibility

15   determinations at the motion-to-dismiss stage.") (citing *Twombly*, 550 U.S. at 556)). This does not

16   mean, however, that conclusory allegations lacking a factual basis must be accepted as true. A

17   claim will only have the requisite facial plausibility "when the plaintiff pleads factual content that

18   allows the court to draw the reasonable inference that the defendant is liable for the misconduct

19   alleged." *Iqbal*, 556 U.S. at 662. In analyzing the Plaintiff's complaint, all factual allegations are

20   accepted as true and, in the context of the intent-to-return factors identified in *Overlook*, used to

21   determine whether Plaintiff has plausibly alleged a genuine intent to return.

22                          **a.   Proximity of Place of Public Accommodation**

23          This factor considers the proximity of the subject business to the plaintiff's residence/place

24   of business as an indication of the sincerity of plaintiff's intent to return to the business. *See*

25   *Overlook at Blue Ravine*, 2012 WL 2993890, at *8. In *Blue Ravine*, the court concluded that while

26   a distance of "approximately fifteen miles" between the business and plaintiff's home was

United States District Court
Northern District of California

1    relatively close, it only weighed slightly in Plaintiff's favor. *Id.*

2         By contrast, in *Johnson v. DTBA, LLC,* this Court found that a distance of "more than 130

3    miles from Plaintiff's home," which was a "two-hour drive (in good traffic)," weighed in

4    Defendant's favor. 424 F. Supp. 3d 657, 664 (N.D. Cal. 2019). Here, MSPC is approximately 120

5    miles from Plaintiff's home or business, or approximately a two-hour drive from either one. *See*

6    Def. RJN Exhibits C-D. Given the distance and lengthy drive, this factor weighs in Defendant's

7    favor.

### b.  Past Patronage of Public Accommodation

9         Plaintiff alleges that he has visited MSPC three times within 6 months in 2019, but never

10   before then. Compl. ¶ 8. It is unclear whether these visits constitute patronage of a public

11   accommodation given that the Complaint lacks any factual allegations regarding MSPC. Plaintiff

12   alleges only in conclusory terms that MSPC is a place of "public accommodation." *Id.* ¶ 9. The

13   paucity of allegations suggests that Plaintiff may have only visited MSPC's parking lot. This

14   factor, thus, weighs at least slightly in Defendant's favor.

### c.  Definitiveness of Plans to Return

16        Much like in *Blue Ravine* and *DTBA*, Plaintiff alleges no specific plans to return to MSPC.

17   He alleges only a general plan to return to MSPC to "avail himself of its goods or services and to

18   determine compliance with the disability access laws." Compl. ¶ 17; *Blue Ravine*, 2012 WL

19   2993890, at *3; *DTBA*, 424 F. Supp. 3d at 664. This language is nothing more than a vague

20   formulaic recitation of an element of ADA standing, and so does nothing to meet the

21   *Twombly/Iqbal* "plausibility" standard. *See, e.g., Iqbal*, 556 U.S. at 678. It lacks "any description

22   of concrete plans, or indeed even any specification of when [Plaintiff will visit MSPC]." *DTBA,*

23   424 F. Supp. 3d at 664 (citing similar language by Plaintiff in *Blue Ravine*, 2012 WL 2993890, at

24   *3). In *DTBA*, Plaintiff at least alleged that the ADA inaccessible business was a bar. In this case,

25   Plaintiff does not even identify what MSPC is beyond a "facility open to the public, a place of

26   public accommodation, and a business establishment." Compl. ¶ 9. Nor does Plaintiff identify

*United States District Court*
*Northern District of California*

1    what type of "goods or services" he seeks at MSPC. *See id.* ¶¶ 8-18. The Supreme Court was clear

2    in *Lujan*—"some-day" intentions are, without more, insufficient to show concrete plans. 504 U.S.

3    at 564.

4         To rebut this, Plaintiff argues that his "extensive litigation history as a veteran tester

5    supports his claim that he will return" and that he "has an important *litigation* reason to return: to

6    have standing." Opp. at 11 (emphasis in original). As discussed before, Plaintiff's status as a tester

7    does not automatically confer standing. Additionally, the Complaint lacks any allegations

8    regarding Plaintiff's litigation history or intent to return for the purpose of maintaining standing.

9    "[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to

10   dismiss." *Frenzel v. AliphCom*, 76 F. Supp. 3d 999, 1009 (N.D. Cal. 2014) (quoting *Car Carriers,*

11   *Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) and citing *Lee v. City of Los Angeles*,

12   250 F.3d 668, 688 (9th Cir. 2001)). As currently pled, Plaintiff's ADA claim lacks sufficient facts

13   to show concrete plans to return to MSPC and so he does not show a "sufficient likelihood that he

14   will be again be wronged in a similar way." *Lyons*, 461 U.S. at 111. As such, this factor weighs in

15   Defendant's favor.

16                    **d.   Frequency of Travel Near Public Accommodation**

17        Plaintiff contends that the frequency of travel factor weighs in his favor. The Court has

18   taken judicial notice of 26 complaints filed in the Northern District of California, San Jose

19   Division, as requested by Plaintiff. *See* Pl. RJN 2-4. The Court has also taken judicial notice of the

20   1,094 cases filed by Plaintiff in the Northern District of California, San Jose Division, as requested

21   by Defendant. *See* Def. RJN Exhibit F. Frequency of travel to MSPC, however, cannot reasonably

22   be inferred from Plaintiff's prolific lawsuits unless Plaintiff makes personal appearances at the San

23   Jose courthouse. Plaintiff has not alleged that he makes personal appearances in his cases, much

24   less that he "frequently" makes personal appearances in his cases. As such, this factor favors the

25   Defendant.

26        Having weighed the relevant factors, the Court finds that Plaintiff's alleged intent to return

27

28   ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS;
     AUTHORIZING LEAVE TO AMEND

United States District Court
Northern District of California

1   to MSPC is not plausible. Plaintiff's geographic distance from MSPC, his lack of concrete or

2   definitive plans to return to MSPC and his lack of frequent travel near MSPC are inconsistent with

3   Plaintiff's professed intent to return to a place of public accommodation, notwithstanding his

4   alleged three visits to MSPC. As such, the Court finds that while Plaintiff has an injury-in-fact, he

5   has not sufficiently alleged that he intends to return to MSPC.

6                      **3.  Deterrence**

7         "A disabled individual also suffers a cognizable injury if he is deterred from visiting a

8   noncompliant accommodation because he has encountered barriers related to his disability there."

9   *Chapman*, 631 F.3d at 949. As discussed above, the threat of a future injury must be sufficiently

10  "imminent" to permit a plaintiff to sue for injunctive relief. *Id.*; *Doran v. 7-Eleven, Inc.*, 524 F.3d

11  1034, 1040 (9th Cir. 2008) ("Doran has suffered an injury that is concrete and particularized

12  because he alleged in his amended complaint that he personally suffered discrimination as a result

13  of the barriers in place during his visits to 7–Eleven and that those barriers have deterred him *on at*

14  *least four occasions from patronizing the store*." (emphasis added)); *Pickern v. Holiday Quality*

15  *Foods, Inc.*, 293 F.3d 1133, 1138 (9th Cir. 2002) ("Doran has visited Holiday's Paradise store in

16  the past …. [He] also states that he *prefers to shop at Holiday markets* and that he would shop at

17  the Paradise market if it were accessible. This is sufficient to establish actual or imminent injury

18  for purposes of standing." (emphasis added)); *Parr v. L & L Drive-Inn Rest.*, 96 F. Supp. 2d 1065,

19  1079–80 (D. Haw. May 16, 2000) (holding that disabled plaintiff established likelihood of future

20  injury by submitting evidence that he would like to visit defendant's restaurant in the future, had

21  patronized other restaurants in the chain, and that the restaurant was close to his residence and was

22  on a familiar bus line).

23        By contrast, Plaintiff alleges only that the ADA violations deter him from returning to

24  MSPC. Compl. ¶ 17. Plaintiff, relying on *Wilson v. Kayo Oil Co.*, 563 F.3d 979, 980 (9th Cir.

25  2009), argues that "at the *pleading stage*, only the minimal allegations that a plaintiff … is

26  currently deterred from visiting that accommodation" are sufficient. Opp. at 4. Plaintiff also argues

27

28  CASE NO.: 5:20-CV-01078-EJD
    ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS;
    AUTHORIZING LEAVE TO AMEND

United States District Court
Northern District of California

1    that the Court should not rely on *Doran* and *Pickern* because those cases did not "involve[] a

2    facial attack at the pleading stage." *Id.* at 5.

3           As previously stated, even at the pleading stage, "a complaint must contain sufficient

4    factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556

5    U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Thus, a plaintiff is required to allege "more than

6    labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

7    *Twombly*, 550 U.S. at 555. Although the Court recognizes that *Doran* and *Pickern* were decided

8    on summary judgment, they are nonetheless instructive in determining whether Plaintiff has

9    alleged sufficient factual matter to state a cognizable claim. Indeed, in *Wilson* the Ninth Circuit

10   relied on *Doran*—a summary judgment decision—in deciding the sufficiency of the plaintiff's

11   allegations. The analysis of standing in *Wilson* consists of two sentences:

12          Allegations that a plaintiff has visited a public accommodation on a prior occasion
            and is currently deterred from visiting that accommodation by accessibility barriers
13          establish that a plaintiff's injury is actual or imminent." *Doran v. 7–Eleven,* 524
            F.3d 1034, 1041 (9th Cir. 2008). Here, Wilson makes these minimal allegations,
14          and therefore survives a facial attack on standing. *See id.* at 1041 ("Notwithstanding
            the [500–mile] distance between Doran's home and the 7–Eleven, there is an actual
15          and imminent threat that, during his planned future visits to Anaheim, Doran will
            suffer harm as a result of the alleged barriers.").
16

17   The *Wilson* court's citation to *Doran* and explanatory parenthetical reinforces the requirement to

18   plead facts, notwithstanding Plaintiff's argument to the contrary.

19          In this case, Plaintiff does not allege: (1) that he prefers MSPC over other "professional

20   centers," (2) any specific instances of deterrence, or (3) that he often patronizes Bay Area

21   "professional centers" and would patronize MSPC but-for the violations. *Cf. Doran*, 524 F.3d at

22   1040; *Pickern*, 293 F.3d at 1138; *Parr*, 96 F. Supp. 2d at 1079–80. Indeed, Plaintiff does not even

23   allege what goods or services a professional center such as MSPC provides, or what goods or

24   services he may seek there. *See* Compl. ¶¶ 8-18. The Court finds that Plaintiff has not adequately

25   alleged that he is likely to return to MSPC or that he is deterred from doing so. Accordingly,

26   Plaintiff cannot meet the "imminence" requirement of standing and this Court lacks subject-matter

27   CASE NO.: 5:20-CV-01078-EJD
28   ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS;
     AUTHORIZING LEAVE TO AMEND

United States District Court
Northern District of California

1    jurisdiction over his ADA claims.

2        **IV.    CONCLUSION**

3            For the above reasons, the Court **GRANTS** Defendant's motion for judgment on the

4    pleadings under Rule 12(c). Because at present Plaintiff's Complaint fails to state a legally

5    cognizable ADA claim, the Court declines to exercise supplemental jurisdiction over Plaintiff's

6    related Unruh Act claim, which is **DISMISSED** without prejudice. *See Johnson v. Torres Enters.*

7    *LP*, 2019 WL 285198, at *4 (N.D. Cal. Jan. 22, 2019) (declining to exercise supplemental

8    jurisdiction over a claim for violation of the Unruh Act premised solely on a violation of the

9    ADA).

10           Although Rule 12(c) does not mention leave to amend, courts have discretion to grant

11   motions for judgment on the pleadings with leave to amend. *Toma v. Univ. of Hawaii*, 2017 WL

12   4782629, at *5 (D. Haw. Oct. 23, 2017) (collecting cases). As with a motion to dismiss, "[a]

13   complaint should not be dismissed without leave to amend unless amendment would be futile."

14   *Carolina Cas. Ins. Co. v. Team Equipment, Inc.*, 741 F.3d 1082, 1086 (9th Cir. 2014) (applied by

15   the Ninth Circuit in *Hip Hop Beverage Corp. v. Michaux*, 729 F. App'x 599, 600 (9th Cir. 2018)

16   to review of a motion for judgment on the pleadings). The Court finds amendment would not be

17   futile. Accordingly, Plaintiff's claims are **DISMISSED** with leave to amend. He may file an

18   amended complaint no later than October 5, 2020.

19           **IT IS SO ORDERED.**

20   Dated: September  14, 2020

21                                                    _____

22                                                    EDWARD J. DAVILA
                                                      United States District Judge
23

24

25

26

27

28   CASE NO.: 5:20-CV-01078-EJD
     ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS;
     AUTHORIZING LEAVE TO AMEND

United States District Court
Northern District of California