UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SCOTT JOHNSON,<br>        Plaintiff,<br>    v.<br>JKLM PROPERTIES, L.L.C.,<br>        Defendant. | Case No. 5:20-cv-01078-EJD<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 29 |

Pursuant to Federal Rule of Civil Procedure 12(b)(1), Defendant JKLM Properties, LLC moves to dismiss Plaintiff Scott Johnson's First Amended Complaint for lack of subject matter jurisdiction. Motion to Dismiss ("Mot."), Dkt. No. 29. The Court finds it appropriate to take the motion under submission for decision without oral argument pursuant to Civil Local Rule 7-1(b). Having considered the Parties' papers, the Court **DENIES** Defendant's motion to dismiss.

I.  **BACKGROUND**

    A.  **Factual Background**

Plaintiff Scott Johnson is a level C-5 quadriplegic. First Amended Complaint for Damages and Injunctive Relief ("FAC") ¶ 1, Dkt. No. 28. He cannot walk, has significant manual dexterity impairments, uses a wheelchair, and has a specially equipped van. *Id.*

As part of his ongoing treatment regiment, Plaintiff "regularly receives acupuncture services." *Id.* ¶ 9. Plaintiff went to Main Street Professional Center ("MSPC"), a property owned by Defendant, once in each of May, June, and October of 2019 "with the intention to seek treatment at its acupuncture clinic, motivated in part to determine if the defendant[] comply with the disability laws." *Id.* ¶ 8. MSPC is located in Milpitas, California. *Id.* ¶ 3. Plaintiff alleges

violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, et seq., and California's Unruh Civil Rights Act, Cal. Civ. Code § 51-53 ("Unruh Act"). *Id.* ¶¶ 29-31, 37. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. *Id.* ¶ 36. Specifically, Plaintiff alleges Defendant violated the ADA because Defendant "failed to provide wheelchair accessible parking in conformance with the ADA Standards as it relates to wheelchair users like the plaintiff." *Id.* ¶ 17. Plaintiff asserts that he "remains in need of acupuncture services in the Milpitas area and will return to [MSPC] to seek treatment at its [a]cupuncture [c]linic and to determine compliance with the disability access laws once it is represented to him that [MSPC] and its facilities are accessible." *Id.* ¶ 26. Plaintiff also alleges that he is currently deterred from returning to MSPC because of his knowledge of the existing barriers and his uncertainty about the existence of other barriers. *Id.*

### B. Procedural Background

Plaintiff initiated this action on February 11, 2020. *See* Complaint for Damages and Injunctive Relief ("Compl."), Dkt. No. 1. Defendant filed its answer to Plaintiff's complaint on March 12, 2020. Dkt. No. 10. Thereafter, Defendant filed a motion for judgment on the pleadings on July 6, 2020. *See* Dkt. No. 18. This Court granted Defendant's motion on September 14, 2020, dismissing Plaintiff's claims with leave to amend. *See generally* Order Granting Defendant's Motion for Judgment on the Pleadings; Authorizing Leave to Amend, Dkt. No. 26. On October 5, 2020, Plaintiff filed his FAC which asserts the same two claims brought forth in the complaint. *See* Dkt. No. 28.

Defendant filed the instant motion to dismiss on October 19, 2020, which was accompanied by a request for judicial notice in support of the motion. Dkt Nos. 29, 29-2. On November 2, 2020, Plaintiff opposed the motion and filed a separate request for judicial notice. Dkt. Nos. 30 ("Opp."), 30-2. On November 9, 2020, Defendant filed a reply. Dkt. No. 31 ("Reply").

## II. LEGAL STANDARD

To contest a plaintiff's showing of subject matter jurisdiction, a defendant may file a Rule

Case No.: 5:20-cv-01078-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS
2

1   12(b)(1) motion. Fed. R. Civ. P. 12(b)(1). A defendant may either challenge jurisdiction

2   "factually" by presenting extrinsic evidence (affidavits, etc.) demonstrating the lack of jurisdiction

3   on the facts of the case or "facially" by arguing the complaint "on its face" lacks jurisdiction.

4   *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004); *Safe Air for Everyone v. Meyer*, 373 F.3d

5   1035, 1039 (9th Cir. 2004).

6       In resolving a factual attack, the district court may review evidence beyond the complaint

7   without converting the motion to dismiss into one for summary judgment. *Safe Air*, 373 F.3d at

8   1039. No presumptive truthfulness attaches to the plaintiff's allegations and the existence of

9   disputed material facts will not preclude the trial court from evaluating the merits of jurisdictional

10  claims. *Gregory Vill. Partners, L.P. v. Chevron, U.S.A., Inc.*, 805 F. Supp. 2d 888, 895 (N.D. Cal.

11  2011). Further, once the defendant presents extrinsic evidence, the plaintiff, must establish

12  jurisdiction with evidence from other sources. *Id.*; *see also Savage v. Glendale Union High Sch.*,

13  343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

14      Conversely, "[i]n a facial attack, the challenger asserts that the allegations contained in a

15  complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air*, 373 F.3d at 1039.

16  During a facial attack, the court examines the complaint as a whole to determine if the plaintiff has

17  "alleged a proper basis of jurisdiction." *Watson v. Chessman*, 362 F. Supp. 2d 1190, 1194 (S.D.

18  Cal. 2005). When evaluating a facial attack, the court assumes the truth of the complaint's

19  allegations and draws all reasonable inferences in the plaintiff's favor. *Wolfe*, 392 F.3d at 362.

20  The court may not consider evidence outside the pleadings when deciding a facial attack. *See,*

21  *e.g., MVP Asset Mgmt. (USA) LLC v. Vestbirk*, 2011 WL 1457424, at *1 (E.D. Cal. Apr. 14,

22  2011).

23  **III.   DISCUSSION**

24      Defendant brings both a "factual" and "facial" challenge arguing that Plaintiff's FAC, on

25  its face, lacks jurisdiction. Mot. at 4-9. Defendant's "factual" challenge is premised upon an

26  accompanying declaration from First, Certified Access Specialist Michael Miyaki who performed

27  an inspection of the subject parking lot on August 7, 2020. *See* Declaration of Michael Miyaki,

28  Case No.: 5:20-cv-01078-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS
3

1  ICC, CASp ("Miyaki Decl."), Dkt. No. 29-3.

### A. Request for Judicial Notice

#### 1. Defendant's Request for Judicial Notice

Defendant requests that this Court take judicial notice of six documents. Request for Judicial Notice ("Def. RJN"), Dkt. No. 29-2. Plaintiff does not oppose this request.

Federal Rule of Evidence 201(b) allows a court to take judicial notice of a fact that is "not subject to reasonable dispute" because it is either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Public records maintained on government websites are generally subject to judicial notice. *See, e.g., Nat'l Grange of the Order of Patrons of Husbandry v. Cal. State Grange*, 182 F. Supp. 3d 1065, 1075 n.3 (E.D. Cal. 2016) (collecting cases). Geographical information from Google Maps is also proper for judicial notice because it can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *United States v. Perea-Rey*, 680 F.3d 1179, 1182 n.1 (9th Cir. 2012).

Defendant's Requests 1-2 are public records maintained on California government websites, showing Plaintiff's home and business addresses in Carmichael, California. Def. RJN at 2, Exhibits A-B. These requests are **GRANTED**. *See Nat'l Grange of the Order of Patrons of Husbandry*, 182 F. Supp. 3d at 1075 n.3. Requests 3–4 are Google Maps navigation directions, showing the distance and driving time between MSPC and the aforementioned addresses. Def. RJN at 3, Exhibits C-D. These requests are **GRANTED**. *See Perea-Rey*, 680 F.3d at 1182 n.1. Requests 5-6 are docket reports from the United States District Court for the Eastern District of California, as well as this Court, that list over 3,809 ADA cases initiated by Plaintiff. Def. RJN at 3-4, Exhibits E-F. These requests are GRANTED. *See Nat'l Grange of the Order of Patrons of Husbandry*, 182 F. Supp. 3d at 1075 n.3.

#### 2. Plaintiff's Request for Judicial Notice

Plaintiff requests that this Court take judicial notice of "a number of cases filed by [Plaintiff], wherein he alleges numerous visits to businesses at locations within 10 miles of" MSPC during

Case No.: 5:20-cv-01078-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS
4

specific months over the last six years. Plaintiff's Request for Judicial Notice ("Pl. RJN"), Dkt. No. 30-2 at 1. Defendant objects to this request, arguing among other things, that "(iii) it is not appropriate to take judicial notice of the contents of pleadings in other cases." Objections to Plaintiff's Request for Judicial Notice, Dkt. No. 31-1 at 3.

A district court may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts. *Harris v. Cty. of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012). Accordingly, to the extent that Plaintiff requests judicial notice of 26 complaints filed in the Northern District of California, Plaintiff's request is **GRANTED**. *See id.; See also Nat'l Grange of the Order of Patrons of Husbandry*, 182 F. Supp. 3d at 1075 n.3.

However, it is not clear whether a court may take judicial notice of allegations in complaints, which are often disputed, in proceedings not before it. *See, e.g., Gardiner Family, LLC v. Crimson Res. Mgmt. Corp.*, 147 F. Supp. 3d 1029, 1032 (E.D. Cal. 2015) (agreeing with *Pollstar v. Gigmania, Ltd.*, 170 F. Supp. 2d 974 (E.D. Cal. 2000) in finding that there was "no authority for judicial notice of pleadings in an unrelated case."). Accordingly, to the extent that Plaintiff seeks judicial notice of the allegations in the 26 complaints of "numerous visits to businesses at locations within 10 miles of" MSPC, Plaintiff's request is **DENIED**. *See Gardiner Family, LLC*, 147 F. Supp. 3d at 1032 (E.D. Cal. 2015).

### B. Mootness

Defendant first brings a factual challenge to the complaint and argues that there is no threat of future injury because following receipt of the complaint, Defendant's parking lot underwent construction and remedied the barriers identified therein. Mot. at 4. In the ADA context, since a plaintiff can only sue for injunctive relief, "once a defendant has remedied ADA violations complained of by a Plaintiff, the Plaintiff's claims become moot and he or she loses standing, meaning the court no longer has subject matter jurisdiction over the ADA claims." *Johnson v. Cal. Welding Supply, Inc.*, 2011 WL 5118599, at *3 (E.D. Cal. Oct. 27, 2011). Indeed, federal courts are "without power to decide questions that cannot affect the rights of litigants in the case before them." *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974) (quoting *North Carolina v. Rice*,

Case No.: 5:20-cv-01078-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS
5

1  404 U.S. 244, 246 (1971)).  The inability to review moot cases derives from Article III's

2  requirement that a "case or controversy" exist between the parties.  *DeFunis*, 416 U.S. at 316.  A

3  case is moot "if subsequent events [make] it absolutely clear that the allegedly wrongful behavior

4  could not reasonably be expected to recur."  *United States v. Concentrated Phosphate Export*

5  *Ass'n*, 393 U.S. 199, 203 (1968).  However, a defendant's voluntary cessation of allegedly

6  wrongful conduct is unlikely to moot a case.  *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013).

7  Although Defendant may be correct that it has remedied the alleged ADA violations, its

8  declarations are insufficient at this point to show mootness.  In support of its motion, Defendant

9  asserts that in July of 2020, the MSPC parking lot underwent construction which included the

10 removal of a curb ramp within the access aisle between two accessible parking spaces, as well as

11 re-surfacing of the two parking spaces and access aisle.  Reply at 6; Declaration of Jerry Glass

12 ("Glass Decl."), Dkt No. 31-2  ¶ 2.  Defendant also cites to the declaration of Michael Miyaki, a

13 certified access specialist who performed an inspection of MSPC's parking lot on August 7, 2020

14 to argue its modifications amount to compliance.  *See* Mot. at 4; *see also* Miyaki Decl.

15 Specifically, Mr. Miyaki describes certain measurements that he took, observations that he made,

16 and his opinion that the MSPC parking lot is fully compliant with the [California Business Code],

17 ADA, and [ADA Accessibility Guidelines] as they relate to disabled access.  Miyaki Decl. ¶¶ 5-9.

18 However, these declarations are too conclusory to support a finding that Defendant is now in

19 compliance with the ADA.  *See Kalani v. Starbucks Corp.*, 81 F. Supp. 3d 876, 882-83 (N.D. Cal.

20 2015), *aff'd sub nom. Kalani v. Starbucks Coffee Co.*, 698 F. App'x 883 (9th Cir. 2017)

21 ("Conclusory opinions that the 'facility is free of non-compliant issues,' or that particular features,

22 e.g., the accessible parking or point of sale, 'comply with all applicable access requirements,'" are

23 "an insufficient basis on which to grant summary judgment.").  Mr. Miyaki's declaration, in

24 particular, is not supplemented by any photographs of the MSPC parking lot, actual measurement

25 numbers for many relevant features of the parking lot, or any explanation about his methodology

26 or how he reached his conclusion.

27 Without more, the Court cannot make the credibility determination Defendant seeks; doing

28 Case No.:   5:20-cv-01078-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS
6

1   so, would improperly allow a defendant to defeat jurisdiction by declaration. The defendant could
2   always defeat jurisdiction by simply declaring that the alleged violations, which form the basis of
3   the case, are remedied. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir.
4   2018) ("[T]he unscrupulous use of extrinsic documents to resolve competing theories against the
5   complaint risks premature dismissals of plausible claims that may turn out to be valid after
6   discovery."). Such a practice is improper. Indeed, a "[j]urisdictional finding of genuinely
7   disputed facts is inappropriate when the jurisdictional issue and substantive issues are so
8   intertwined that the question of jurisdiction is dependent on the resolution of factual issues going
9   to the merits of the action." *Safe Air for Everyone*, 373 F.3d at 1039 (alteration in original)
10  (quotation marks and citation omitted).

11  Here, the question of whether this Court has jurisdiction and whether Plaintiff's claim is
12  meritorious are intertwined because the ADA underlies each question. If the Court determines it
13  lacks jurisdiction because Defendant has remedied the problem, it by default declares that
14  Plaintiff's action is no longer meritorious. The Court cannot make that determination at this point.
15  *See Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 734 (9th Cir. 1979) ("[I]t
16  seems settled that, when a statute provides the basis for both the subject matter jurisdiction of the
17  federal court and the plaintiffs' substantive claim for relief, a motion to dismiss for lack of subject
18  matter jurisdiction rather than for failure to state a claim is proper only where the allegations of the
19  complaint are frivolous." (citation omitted)). Accordingly, Defendant's motion to dismiss on
20  mootness grounds is DENIED.

21  **C.   Standing**

22  The "Supreme Court has instructed [courts] to take a broad view of constitutional standing
23  in civil rights cases, especially where, as under the ADA, private enforcement suits 'are the
24  primary method of obtaining compliance with the Act.'" *Chapman v. Pier 1 Imports (U.S.) Inc.*,
25  631 F.3d 939, 946 (9th Cir. 2011) (en banc) (quoting *Doran v. 7–Eleven, Inc.*, 524 F.3d 1034,
26  1039 (9th Cir. 2008)). "[T]o establish standing to pursue injunctive relief, which is the only relief
27  available to private plaintiffs under the ADA, [Plaintiff] must demonstrate a 'real and immediate

Case No.: 5:20-cv-01078-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS
7

threat of repeated injury' in the future." *Id*. (footnote omitted) (quoting *Fortyune v. Am. Multi–Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004)).

Defendant argues that Plaintiff cannot show a real and immediate threat of repeated injury. Specifically, Defendant contends Plaintiff will not suffer *future* injury because he neither (1) intends to return to MSPC; nor (2) is deterred from going to MSPC. *See* Mot. at 4-9.

Ninth Circuit precedent forecloses Defendant's argument. Even at summary judgment—where Plaintiff's burden of showing standing is greater than at the pleading stage—relatively "minimal allegations" support ADA standing. *Wilson v. Kayo Oil Co.*, 563 F.3d 979, 980 (9th Cir. 2009) (per curiam) (reversing dismissal for lack of standing at summary judgment); *see also Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) (discussing plaintiff's greater burden of showing standing at summary judgment). Namely, "[a]llegations that a plaintiff [1] has visited a public accommodation on a prior occasion and [2] is currently deterred from visiting that accommodation by accessibility barriers establish that a plaintiff's injury is actual or imminent." *Wilson*, 563 F.3d at 980 (quoting *Doran*, 524 F.3d at 1041).

Here, Plaintiff makes allegations that the Ninth Circuit has held sufficient. Plaintiff alleges that he visited MSPC three times in 2019 "with the intention to seek treatment at [MSPC's] [a]cupuncture [c]linic. . . ." FAC ¶ 8. Plaintiff also alleges that he is "currently deterred from" returning to MSPC to seek treatment at the acupuncture clinic because of "his knowledge of the existing barriers and his uncertainty about the existence of yet other barriers on the site." *Id*. ¶ 26. Thus, Plaintiff has adequately pled an imminent ADA injury sufficient to support Article III standing.

Two Ninth Circuit ADA cases are instructive in this case. In *Doran*, plaintiff Jerry Doran sued a 7-Eleven store located in Anaheim, California about 550 miles from his home. *Doran*, 524 F.3d at 1038. Doran alleged that he would visit the store in the future because he "plan[ned] to visit Anaheim at least once a year on his annual trips to Disneyland." *Id*. at 1040. Despite Doran's distance from the store and the infrequency of his visits to Anaheim, the Ninth Circuit held that Doran had standing, thereby reversing the district court's summary judgment for 7-

Case No.: 5:20-cv-01078-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS
8

Eleven. *Id.* at 1049.

Plaintiff makes a more compelling case for standing than Doran did against 7-Eleven. Plaintiff resides 120 miles from MSPC—less than one-fourth the distance between Doran and the 7-Eleven store. *See* Def. RJN Exhibits C-D. Plaintiff also alleges that he is near the clinic "on a regular and ongoing basis." FAC ¶ 30. Specifically, from January 2019 through February 2020, Plaintiff was in San Jose at least 84 times. *Id.* "Several of these visits and a number of anticipated future visits are for federal court mediations and conferences or other court appearances," at the federal courthouse, which is "less than ten miles from" MSPC. *Id*. ¶¶ 12, 14. For this reason, Plaintiff "is interested in obtaining acupuncture services in the Milpitas area and sought said services at [MSPC]." *Id*. ¶ 15. Thus, Plaintiff resides closer to and more frequently visits an area near the vicinity of the public accommodation that he is suing under the ADA than Doran.

In *Civil Rights Education*, plaintiffs sued several hotels for failing to provide wheelchair-accessible shuttle services. *See Civil Rights Educ. & Enf't Ctr. v. Hosp. Properties Tr.*, 867 F.3d 1093, 1097 (9th Cir. 2017) (describing named plaintiffs' lawsuits). The hotels argued that plaintiffs lacked standing because (1) "[plaintiffs] did not actually visit the hotels"; and (2) "[plaintiffs] are motivated to visit the hotels only by their desire to test them for ADA compliance." *Id.* at 1099. The Ninth Circuit disagreed. As to the hotels' first argument, the Ninth Circuit held that a plaintiff can show standing even if he has not visited a public accommodation before. A plaintiff need only allege that he "intend[s] to visit the relevant [accommodations], but ha[s] been deterred from doing so by the [accommodation]s' noncompliance with the ADA." *Id.* As for the hotels' second argument, the Ninth Circuit held that plaintiffs' "motivation for visiting the [accommodations] is irrelevant." *Id.* at 1101. A motivation to test ADA compliance can still support standing. *Id*.

Plaintiff's case for standing is stronger here too. Plaintiff has visited MSPC three times and personally encountered barriers to his access. FAC ¶¶ 8, 17. Moreover, Plaintiff not only "will return to determine compliance with the disability access laws once it is represented to him that [MSPC] and its facilities are accessible," but also will "return to [MSPC] to seek treatment at

Case No.: 5:20-cv-01078-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS
9

its [a]cupunture [c]linic." *Id*. ¶ 26. Thus, compared to the plaintiffs in *Civil Rights Education*, Plaintiff has (1) more personal knowledge of the alleged barriers to accessibility and (2) a non-litigation reason for visiting the public accommodation in the future.

Defendant's response to these Ninth Circuit precedents is unpersuasive. Defendant relies on a 2012 district court case that found that Plaintiff lacked standing to bring an ADA claim. *See* Mot. at 4-7 (relying on *Johnson v. Overlook at Blue Ravine, LLC*, No. 2:10-CV-02387-JAM, 2012 WL 2993890 (E.D. Cal. July 20, 2012)). In *Overlook at Blue Ravine*, the court ruled against Plaintiff after balancing four factors set forth by another district court: "(1) the proximity of defendant's business to plaintiff's residence, (2) plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) the plaintiff's frequency of travel near defendant." *Overlook at Blue Ravine*, 2012 WL 2993890, at *3 (quoting *Lema v. Comfort Inn, Merced*, 1:10-cv-00362-SMS, 2012 WL 1037467 at *5 (E.D. Cal. Mar. 27, 2012)).

Here, Defendant argues that these factors show that Plaintiff lacks standing. In particular, Defendant argues that Plaintiff lacks either the intent intent or concrete plans to return to MSPC's acupuncture clinic. The Court is unpersuaded for two reasons. First, the four-factor test from *Overlook at Blue Ravine* is not a controlling test for assessing Plaintiff's standing. In *Civil Rights Education*, the Ninth Circuit (1) held that the second factor (past patronage) is unnecessary for standing; and (2) ignored the first and fourth factors (proximity of business and frequency of travel). *See Civil Rights Educ. & Enf't Ctr.*, 867 F.3d at 1099 ("The Named Plaintiffs were not required to visit the hotels."). The Ninth Circuit found standing based on the third factor (definitiveness of plaintiffs' plans to return) alone. The *Civil Rights Education* plaintiffs merely needed to allege: (1) "that they intend to visit the relevant hotels, but have been deterred from doing so by the hotels' noncompliance with the ADA"; and (2) "that they will visit the hotels when the non-compliance is cured." *Id*. Similarly here, Plaintiff alleges that he will "return to [MSPC] to seek treatment at its [a]cupunture [c]linic," but "is currently deterred from doing so" because "of his knowledge of the existing barriers. . . ." FAC ¶ 26.

Second, although it seems implausible that Plaintiff plans to visit MSPC along with many

Case No.: 5:20-cv-01078-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS
10

of the other public accommodations that he has sued, controlling precedent compels this Court to disregard this implausibility. In *D'Lil*, the Ninth Circuit reversed a district court's finding that plaintiff Hollynn D'Lil lacked standing. *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1039 (9th Cir. 2008). The district court had found—after briefing and an evidentiary hearing—that "D'Lil failed to provide evidence of her intent to return." *Id*. The district court further "not[ed] concerns about the credibility of D'Lil's professed desire to return in light of her involvement in [approximately sixty] prior ADA suits." *Id*. Over a dissent, the Ninth Circuit held that "because the district court focused on D'Lil's history of ADA litigation as a basis for questioning the sincerity of her intent to return to the Best Western Encina, we reject its purported adverse credibility determination." *Id*. at 1040. The Ninth Circuit explained that "[f]or the ADA to yield its promise of equal access for the disabled, it may indeed be necessary and desirable for committed individuals to bring serial litigation advancing the time when public accommodations will be compliant with the ADA." *Id.* (quoting *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1062 (9th Cir. 2007)).

Thus, the Court cannot "rel[y] on [Plaintiff]'s prior ADA suits to question the sincerity of h[is] intent to return to" MSPC for treatment at its acupuncture clinic. *Id*. The Court instead relies on whether Plaintiff has "identified specific reasons" for visiting the clinic and the area around it. *Id*. Here, Plaintiff has identified specific reasons at the pleading stage. *See, e.g.*, FAC ¶¶ 24-26 (describing acupuncture care during trips to San Jose and Milpitas for court mediations and conferences at the federal courthouse). Accordingly, the Court holds that Plaintiff has Article III standing to bring his ADA claim at this point.

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's motion to dismiss.

**IT IS SO ORDERED.**

Dated: March 2, 2021

EDWARD J. DAVILA
United States District Judge

Case No.: 5:20-cv-01078-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS
11